Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main St, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Email: jjj@joycecarmody.com
    jm@joycecarmody.com

*Attorneys for Defendants Wyoming Borough, Wyoming Borough Council, Laura Dennis, Esq., Harold Smith, John Lipski, Robert Borzell, Charles Burns, Russel Herron, Michael Baloga and Joseph Scaltz*

| UNITED STATES DISTRICT COURT MIDDLE DISTRICT OF PENNSYLVANIA | |
|---|---|
| **RONALD EMLAW and KEYSTONE DRUG & ALCOHOL, LLC,**<br><br>   **Plaintiffs,**<br> **v.**<br><br>**WYOMING BORO., et. al.,**<br><br>   **Defendants.** | **CIVIL ACTION - LAW JURY TRIAL DEMANDED**<br><br>**THE HONORABLE KAROLINE MEHALCHICK**<br><br><br>**No. 3:24-CV-01706-KM** |

### DEFENDANTS WYOMING BOROUGH, WYOMING BOROUGH COUNCIL, LAURA DENNIS, HAROLD SMITH, JOHN LIPSKI, ROBERT BORZELL, CHARLES BURNS, RUSSEL HERRON, MICHAEL BALOGA AND JOSEPH SCALTZ'S BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Respectfully Submitted,
*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III
Jennifer Menichini
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Email: jjj@joycecarmody.com
   jm@joycecarmody.com

*Attorneys for Defendants*

DATED: January 6, 2025

# **Table of Contents**

I.    PROCEDURAL AND FACTUAL HISTORY.....................................1

A.    Procedural Background...........................................................1

B.    Factual Background..............................................................2

II.    ARGUMENT...................................................................................6

A.    Standard..............................................................................6

B.    Plaintiffs' Title II ADA Claims Contained In Count I Do Not, In Part, State Plausible Claims For Relief.......................................10

    1.    Plaintiffs' Title II ADA Claims Are Not Actionable As Against The Individual Defendants In Either Their Official Or Individual Capacities.................................................................10

    2.    Defendant Wyoming Borough Council Is Not A Proper Party To Plaintiffs' Title II ADA Claim As It Does Not Exist Separate And Apart From Defendant Wyoming Borough And Is A Redundant Party To The Same Claims Brought Against Defendant Wyoming Borough .......................................................................12

    3.    Mr. Emlaw Does Not Have Standing To Assert A Title II ADA Claim....................................................................14

    4.    Punitive Damages Are Not An Available Remedy Under Title II Of The ADA And Plaintiffs' Demand For Same Contained In The Ad Damnum Clause Of Count I Should Be Stricken......................16

C.    Count II Of Plaintiffs' Complaint Fails To State Plausible § 1983 Claims For The Alleged Violation Of Plaintiffs' Substantive Due Process And Selective Enforcement Equal Protection Rights Under the Fourteenth Amendment...................................................17

    1.    Defendant Wyoming Borough Council Is Not A Proper Party To Plaintiffs' Constitutional Claims Contained In Count II As It Does Not

Exist Separate And Apart From Defendant Wyoming Borough And Is A Redundant Party To The Same Claims Brought Against Defendant Wyoming Borough. ....................................................17

2.    Defendant Solicitor Laura Dennis Is Not A State Actor And Plaintiffs' Constitutional Claims Contained In Count II Brought Against Her Through § 1983 Must Be Dismissed. ......................18

3.    Plaintiffs Have Failed To State Plausible Substantive Due Process Claims Because They Have Failed To Identify The Fundamental Interests At Issue, The Duration Of The Deprivations Of Those Interests Or The Conscience Shocking Means Of The Deprivations That Allegedly Support Their Substantive Due Process Claims. ..................................................................................20

4.    Plaintiffs Have Failed To State Plausible Selective Enforcement Equal Protection Claims. ...................................................28

5.    Punitive Damages Are Not An Available Remedy Against Defendant Wyoming Borough Under § 1983 And Plaintiffs' Demand For Same Contained In The *Ad Damnum* Clause Of Count II Should Be Stricken. ...........................................................................32

D.    Count III of Plaintiffs' Complaint Fails to State Plausible Claims for Relief      Under      §      504      of      the RA.....................................................................................32

1.    Plaintiffs' RA Claims Are Not Actionable As Against The Individual Defendants In Either Their Individual Or Official Capacities. ............................................................................32

2.    Defendant Wyoming Borough Council Is Not A Proper Party To Plaintiffs' RA Claims Contained In Count III As It Does Not Exist Separate And Apart From Defendant Wyoming Borough And Is A Redundant Party To The Same Claims Brought Against Defendant Wyoming Borough. ..................................................... 33

3.    Plaintiffs Have Failed To State Plausible Claims Under § 504 Of The RA Because Plaintiffs Have Failed To Demonstrate That Defendant Wyoming Borough Was The Recipient Of Federal Funds

During The Timeframe In Which The Allegedly Discriminatory Act(s) Occurred. ………………………………………………………....34

4.    Punitive Damages Are Not An Available Remedy Under § 504 of the RA And Plaintiffs' Demand For Same Contained In The Ad Damnum Clause Of Count III Should Be Stricken. …………………………………………35

III.    CONCLUSION……………………………………………………….36

## Table of Authorities

A.W. v. Jersey City Public Schools,
    486 F.3d 791 (3d Cir. 2007) ............................................................... 33

Angelico v. Lehigh Valley Hosp.,
    184 F.3d 268 (3d Cir. 1999) ............................................................... 19

B.B. by & Through Catherine B. v. Delaware Coll. Preparatory Acad.,
    No. CV 16-806-CFC, 2019 WL 949204 (D. Del. Feb. 27, 2019) .................. 8-9

Baez v. Lancaster County,
    487 F. App'x 30 (3d Cir. 2012) ........................................................... 28

Belkowski v. Kruczek,
    No. 209-CV-1549, 2010 WL 1433099 (W.D. Pa. Apr. 7, 2010) ...................... 19

Bensinger v. Twp. of Hegins,
    No. 3:15-CV-01450, 2016 WL 1242353 (M.D. Pa. Mar. 30, 2016) .....28, 31-32

Berger v. Weinstein,
    348 F. App'x 751 (3d Cir. 2009) ........................................................ 16

Bethlehem Manor Vill., LLC v. City of Bethlehem,
    No. CV 22-5215, 2024 WL 4367922 (E.D. Pa. Sept. 30, 2024)......13, 17-18, 34

Black v. City of Harrisburg,
    No. 1:11-CV-1912, 2013 WL 6506756 (M.D. Pa. Dec. 12, 2013)................... 21

Bowens v. Wetzel,
    674 F. App'x 113 (3d Cir. 2017) ........................................................ 11

Breithaupt v. Abram,
    352 U.S. 432, 77 S. Ct. 408, 1 L. Ed. 2d 448 (1957). ....................................... 25

Calloway v. Boro of Glassboro Dep't of Police,
    89 F. Supp. 2d 543 (D.N.J. 2000) ....................................................... 15

Campbell v. Conroy,
    55 F. Supp. 3d 750 (W.D. Pa. 2014) ..................................................... 3

iv

Cappel v. Aston Twp. Fire Dep't,
    No. CV 23-155, 2023 WL 6133173 (E.D. Pa. Sept. 19, 2023).........................28

Chainey v. Street,
    523 F.3d 200 (3d Cir. 2008)..................................................................22

Cherry Hill Towers, L.L.C. v. Twp. of Cherry Hill,
    407 F. Supp. 2d 648 (D.N.J. 2006) ..............................................26, 27

Chester Cnty. Aviation Holdings, Inc. v. Chester Cnty. Aviation Auth.,
    967 F. Supp. 2d 1098 (E.D. Pa. 2013) .........................................22-24

City of Newport v. Fact Concerts, Inc.,
    453 U.S. 247, 101 S. Ct. 2748, 69 L. Ed. 2d 616 (1981)...................32

Conklin v. Reedy,
    No. 1:23-CV-01197, 2024 WL 406638 (M.D. Pa. Feb. 2, 2024).....................18

Conn v. Gabbert,
    526 U.S. 286, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999)................22

Copenhaver v. Borough of Bernville,
    No. 02-8398, 2003 WL 26616224 (E.D. Pa. Jan. 9, 2003)...................13-14, 17

Dana v. Baker Hughes, Inc.,
    No. 4:14-CV-01861, 2015 WL 5576880 (M.D. Pa. Sept. 21, 2015)...............35

DeBlasio v. Zoning Bd. of Adjustment for Twp. of W. Amwell,
    53 F.3d 592 (3d Cir.1995).........................................................21-23

Dews v. Link,
    No. CV 18-4285, 2021 WL 2223795 (E.D. Pa. June 2, 2021) .........................11

DM. ex rel. Ray v. Phila. Housing Auth.,
    613 F. App'x 187 (3d Cir. 2015)....................................................9

Doe v. Cnty. of Ctr., PA,
    242 F.3d 437 (3d Cir. 2001)....................................................16, 35

Doe v. Div. Youth & Fam. Servs.,
    148 F. Supp. 2d 462 (D.N.J. 2001) ................................................................. 12

Dombrosky v. Stewart,
    No. CIV.A. 3:10-1477, 2012 WL 3686779 (M.D. Pa. Aug. 27, 2012) ........... 29

El-Bey v. Allentown Police Dep't,
    No. CV 23-652, 2023 WL 3594145 (E.D. Pa. May 22, 2023) .................... 19-20

Flanders v. Dzugan,
    156 F. Supp. 3d 648 (W.D. Pa. 2016) .............................................................. 23

Galanopoulas v. Smithgall,
    No. Civ.A. 02–8362, 2005 WL 196441 (E.D. Pa. Jan. 26, 2005).................... 27

Gillespie v. Pennsylvania State Police,
    574 F. Supp. 3d 272 (E.D. Pa. 2021) ............................................................... 30

Graham v. Moon Lodge Chips Corp.,
    No. 24-CV-0124, 2024 WL 3275960 (E.D. Pa. July 1, 2024).......................... 18

Gray Gables Corp. v. Arthur,
    No. 21-1551-cv, 2022 WL 905393 (2d Cir. Mar. 29, 2022)....................... 15-16

Graziano v. Pennsylvania Dep't of Corr.,
    No. 1:22-CV-00163-RAL, 2023 WL 6389756 (W.D. Pa. Sept. 30, 2023) . 11-12

Greco v. Senchak,
    25 F. Supp. 3d 512 (M.D. Pa. 2014), aff'd, 627 F. App'x 146 (3d Cir. 2015) . 29,
31

Hammond v. Contino,
    No. CIV. 14–1042 RBK/AMD, 2014 WL 6388757 (D.N.J. Nov. 17, 2014)... 23

Hargrove v. Carney,
    No. 20-610, 2020 WL 1939696 (E.D. Pa., Apr. 22, 2020) .............................. 11

Harr v. Washington Area Humane Soc'y,
    No. CV 21-1560, 2024 WL 4064140 (W.D. Pa. Sept. 5, 2024) ....................... 26

Haybarger v. Lawrence Cnty. Adult Prob. & Parole,
 551 F.3d 193 (3d Cir. 2008) ................................................................ 35

Highway Materials, Inc. v. Whitemarsh Twp.,
 386 F. App'x 251 (3d Cir. 2010) ...................................................... 26-27

In re Burlington Coat Factory Sec. Litg.,
 114 F.3d 1410 (3d Cir. 1997). .......................................................... 3, 9

In re Donald J. Trump Cascino Sec. Litig.,
 7 F.3d 357 (3rd Cir. 1993) ..................................................................... 3

In re Egalet Corp. Sec. Litig.,
 340 F. Supp. 3d 479 ............................................................................... 9

Jewish Home of E. Pa. v. Centers for Medicare & Medicaid Servs.,
 693 F.3d 359 (3d Cir. 2012) ................................................................ 29

Karns v. Shanahan,
 879 F.3d 504 (3d Cir. 2018). ............................................................... 30

Klatch-Maynard v. Sugarloaf Twp.,
 No. 3:06-CV-845, 2010 WL 5789390 (M.D. Pa. Nov. 8, 2010) ............... 25, 26

Kokinda v. Pa. Dep't of Corr.,
 779 F. App'x. 938 (3d Cir. 2019) ........................................................ 10

Levin v. Upper Makefield Twp.,
 No. CIV.A. 99-CV-5313, 2003 WL 21652301 (E.D. Pa. Feb. 25, 2003), ..27-28

Linskey v. Guariglia,
 No. CIV.A. 3:11-2059, 2012 WL 1268913 (M.D. Pa. Apr. 16, 2012) ............... 3

Lokuta v. Sallemi,
 No. 3:CV-13-0288, 2013 WL 5570227 (M.D. Pa. Oct. 9, 2013) .................... 12

Long v. Bristol Twp.,
 No. CIV.A. 10-1069, 2012 WL 2864410 (E.D. Pa. July 11, 2012) ................. 27

Marburger v. Upper Hanover Township,
    225 F. Supp. 2d 503 (E.D. Pa. 2002) ................................................. 13

Mark v. Borough of Hatboro,
    51 F.3d 1137 (3d Cir. 1995) ........................................................ 18

Matthews v. Pa. Dep't of Corr.,
    613 F. App'x 163 (3d Cir. 2015) ................................................. 11

McDonald-Witherspoon v. City of Philadelphia,
    481 F. Supp. 3d 424 (E.D. Pa. 2020), aff'd, No. 21-1019, 2021 WL 6101246
(3d Cir. Dec. 21, 2021) ............................................................. 35

Miller v. Pocono Ranch Lands Property Owners Ass'n Inc.,
    557 Fed. Appx. 141 (3d Cir.2014) ............................................. 26

Mincy v. Luzerne Cnty.,
    No. 3:12-CV-00608, 2017 WL 1181591 (M.D. Pa. Mar. 30, 2017) ........... 18-19

Neiderhiser v. Borough of Berwick,
    840 F.2d 213 (3d Cir.1988) ..................................................... 22

Nicholas v. Pa. State Univ.,
    227 F.3d 133 (3d Cir. 2000) .................................................... 21

Oelsner v. Maduro,
    No. CV 2014-0062, 2024 WL 3013767 (D.V.I. June 14, 2024) ....................... 16

Oross v. Kutztown Univ.,
    No. CV 21-5032, 2023 WL 4748186 (E.D. Pa. July 25, 2023). ...................... 33

Paradise Concepts, Inc. v. Wolf,
    482 F. Supp. 3d 365 (E.D. Pa. 2020) ..................................... 22, 25

Ports of Delaware Marine Trade Ass'n v. Longshoreman's Ass'n, Loc. 1242,
    No. CIV.A. 13-4401, 2014 WL 3709772 (E.D. Pa. July 28, 2014) .................. 16

Powell v. Wetzel,
    No. 1:12-CV-02455, 2015 WL 1513888 (M.D. Pa. Mar. 27, 2015) ............... 33

Satterfield v. Borough of Schuylkill Haven,
    12 F.Supp.2d 423 (E.D. Pa. 1998) ...................................................... 13

Saucon Valley Manor, Inc. v. Miller,
    392 F. Supp. 3d 554 (E.D. Pa. 2019) ........................................... 21, 23

Schmidt v. Skolas,
    770 F.3d 241 (3d Cir. 2014) ................................................................... 9

Selig v. N. Whitehall Twp. Zoning Hearing Bd.,
    653 F. App'x 155 (3d Cir. 2016) .................................................. 21, 25

Six v. Newsom,
    462 F. Supp. 3d 1060, No. 20-877, (C.D. Cal. May 22, 2020) ........................ 22

Snider v. Pennsylvania DOC,
    505 F. Supp. 3d 360 (M.D. Pa. 2020) ........................................... 10, 12

Southersby Dev. Corp. v. Twp. of S. Park,
    No. CIV.A. 14-1248, 2015 WL 1757767 (W.D. Pa. Apr. 17, 2015)............... 26

Spradlin v. Borough of Danville,
    No. 02-2237, 2005 WL 3320788 (M.D. Pa. Dec. 7, 2005)............................. 13

United Artists Theatre Circuit, Inc. v. Twp. of Warrington, PA,
    316 F.3d 392 (3d Cir. 2003)..........................................................21-22

Warkevicz v. Berwick Area Sch. Dist.,
    No. 4:15-CV-01922, 2016 WL 3753108 (M.D. Pa. July 14, 2016) ...............6-8

Willis v. Carroll Twp.,
    Civ. A. No. 07-949, 2008 WL 644762 (M.D. Pa. Mar. 5, 2008)...................... 19

Wrench Transp. Sys., Inc. v. Bradley,
    340 Fed. Appx. 812 (3d Cir. 2009) ................................................... 23

Defendants Wyoming Borough, Wyoming Borough Council, Solicitor Laura Dennis, Code Enforcement Officer Harold Smith, Councilman John Lipski, Councilman Robert Borzell, Councilman Charles Burns, Councilman Russel Herron, Councilman Michael Baloga and Councilman Joseph Scaltz (collectively, "Defendants"), by and through their undersigned counsel, hereby submit this brief in support of their partial motion to dismiss the complaint (Doc. 1) of Plaintiffs Ronald Emlaw and Keystone Drug & Alcohol, LLC (collectively, "Plaintiffs").

# I.    PROCEDURAL AND FACTUAL HISTORY

## A.    Procedural Background.

On October 7, 2024, Plaintiffs filed a three (3) count civil rights complaint asserting claims under Title II of the Americans with Disabilities Act ("ADA"), § 504 of the Rehabilitation Act of 1973 ("RA") and for the alleged violation of Plaintiffs' substantive due process and equal protection rights under the Fourteenth Amendment through 42 U.S.C. § 1983.  See (Doc. 1) at ¶¶ 79-121.  Plaintiffs seek monetary relief only.  See *ad damnum* clauses.

On December 20, 2024, Defendant City of Pittston filed a case dispositive motion to dismiss and supporting brief.  See (Doc. 16), generally; see also (Doc. 16-1), generally.

On December 23, 2024, Defendants filed a partial motion to dismiss Plaintiffs' complaint.  See (Doc. 17) at p. 1.

1

### B.    <u>Factual Background.</u>

In November of 2021, Plaintiff Ronald Emlaw ("Mr. Emlaw"), individually, signed a five-year commercial lease for the property located at 341-343 Wyoming Avenue, Wyoming Borough, Luzerne County, Pennsylvania 18644 (the "Property") owned by non-party Ghia, LLC. <u>Id</u>. at ¶¶ 16, 22; <u>see also</u> (Doc. 1-1) at p. 48:9-10.

Plaintiff Keystone Drug & Alcohol, LLC ("Keystone") is a fully licensed and operational "outpatient chemical dependency counseling facility" owned by Mr. Emlaw that operates at the Property.    <u>See</u> (Doc. 1) at ¶¶ 1, 16, 77; <u>see also</u> https://apps.ddap.pa.gov/gethelpnow/CareProvider.aspx.

The general requirements for a nonresidential drug and alcohol treatment facility include, among other things, that a licensee of the Pennsylvania Department of Drug and Alcohol Programs possess "a certificate of occupancy from the Department of Labor and Industry or its local equivalent" and "[c]omply with applicable Federal, State and local laws and ordinances." <u>Id</u>. at ¶¶ 17-18; <u>see also</u> 28 Pa. Code § 705.21.

Effective December 15, 2011, Defendant Wyoming Borough repealed its Zoning Ordinance and appointed non-party Zoning and Planning Commission of Luzerne County to enact and enforce zoning for the Borough.    <u>See</u> Wyoming

Borough Ordinance No. 3 of 2011[1] attached to Defendants' appendix of exhibits in support of its partial motion to dismiss ("Appendix") as Exhibit "A" at p. 1. On February 10, 2020, or two (2) years and three (3) months before Plaintiffs submitted their zoning application, Defendant Wyoming Borough took the first steps to resume control of zoning at the local level. <u>See</u> February 10, 2020, Wyoming Borough Council meeting minutes[2] attached to Appendix as Exhibit "B" at p. 4. Effective August 3, 2022, non-party Zoning and Planning Commission of Luzerne County turned over zoning to the Borough. <u>See</u> August 8, 2022, Wyoming Borough Council meeting minutes attached to Appendix as Exhibit "C" at p. 3.

On May 10, 2022, Plaintiffs submitted a zoning application to non-party Zoning and Planning Commission of Luzerne County to use the Property, which is situated in a community business zoning district, as an outpatient rehabilitation facility. <u>See</u> May 10, 2022, zoning application[3] attached to Appendix as Exhibit "D"

---

[1]    "Because [an] Ordinance [] is a matter of public record, it may be considered by the court in deciding a motion to dismiss filed pursuant to Rule 12(b)(6)." <u>Campbell v. Conroy</u>, 55 F. Supp. 3d 750, 755 (W.D. Pa. 2014).

[2]    "Courts in deciding a motion to dismiss may consider [] meeting minutes as a matter of public record." <u>Linskey v. Guariglia</u>, No. CIV.A. 3:11-2059, 2012 WL 1268913, at *4 (M.D. Pa. Apr. 16, 2012).

[3]    "[A] 'document integral to or explicitly relied upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'" <u>In re Burlington Coat Factory Sec. Litig.</u>, 114 F.3d 1410, 1426 (3d Cir. 1997); <u>see also</u> <u>In re Donald J. Trump Cascino Sec. Litig.</u>, 7 F.3d 357, 368 n. 9 (3rd Cir. 1993) ("a court may consider an undisputedly authentic document that a

at p. 1.  On May 10, 2022, non-party Zoning and Planning Commission of Luzerne County denied Plaintiffs' application because an outpatient rehabilitation facility is not a permitted use in a community business zoning district. Id.; see also May 10, 2022, petition for appeal hearing attached to Appendix as Exhibit "E" at p. 1.  On May 10, 2022, Plaintiffs submitted a petition for appeal seeking a use variance and a hearing before the Luzerne County Zoning Hearing Board. Id.  On June 7, 2022, at the conclusion of the hearing before the Luzerne County Zoning Hearing Board, the Board voted to approve the use variance.  See (Doc. 1) at ¶ 44; see also (Doc. 1-1) at pp. 59:18-25, 60:1-13.

On July 7, 2022, Defendant Borough of Wyoming filed an appeal from the decision of the Luzerne County Zoning Hearing Board with the Luzerne County Court of Common Pleas.  See (Doc. 1) at ¶ 48.  Mr. Emlaw did not pursue a certificate of occupancy during the pendency of the appeal before the Luzerne County Court of Common Pleas.  Id. at ¶ 51.  On June 26, 2023, the Honorable Richard M. Hughes, III denied Defendant Borough of Wyoming's land use appeal and affirmed the decision of the Luzerne County Zoning Hearing Board. Id. at ¶ 52. On July 25, 2023, Defendant Borough of Wyoming filed a notice of appeal appealing

---

defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document"); see also (Doc. 1) at ¶¶ 21-22 (referencing zoning application and petition for appeal).

Judge Hughes' June 26, 2023, Order to the Commonwealth Court, which appeal remains pending.  Id. at ¶ 53; see also docket in Wyoming Borough v. Zoning Hearing Board of Luzerne County and Keystone Drug & Alcohol, No. 822 CD 2023 (Pa. Commw.).

As averred by Plaintiffs in their Complaint, in "early October 2023, Mr. Emlaw had his final building inspection and passed."  See (Doc. 1) at ¶ 62.  Mr. Emlaw emailed Defendant Code Enforcement Officer Harold Smith ("Mr. Smith") seeking a certificate of occupancy.  Id. at ¶ 63. According to Plaintiffs, "Mr. Smith responded quickly, stating he would not issue the CO until all the parking lots were paved, then he cited false testimony for the ZHB Hearing… to support his [allegedly] fabricated, ad hoc requirement."[4]  Id. at ¶ 64.  "In late October 2023," Mr. Smith

---

[4]    The zoning hearing testimony related to paving parking lots states, in pertinent part, as follows:

> **MR. MANCINELLI**: Right now what your [sic] looking at kind of gives you a line of the existing conditions of everything.  We're showing the parking spots just from a standpoint of reference to show that they fit.  **But these areas will be paved as part of the project**, so it will be stripped just as a normal lot would be.
>
> …
>
> **MR. BURKE**: Mr. Harris, may I clarify.  We recognize these are incomplete in terms of absolute fulfillment of the obligations under the ordinance as far as the paving of the parking areas, proper grading, etc.  Mr. Emlaw will intend to comply with all those requirements; of course subject to any conditions the board would place on this application.  Given the cost, which Mr. Emlaw has already invested

issued a certificate of occupancy for the Property.  Id. at ¶ 68.

## II.    **ARGUMENT**

### A.    **Standard.**

"Under Federal Rule of Civil Procedure 12(b)(6), a defendant may file a motion to dismiss for 'failure to state a claim upon which relief can be granted.'" Warkevicz v. Berwick Area Sch. Dist., No. 4:15-CV-01922, 2016 WL 3753108, at *2 (M.D. Pa. July 14, 2016).  "Such a motion 'tests the legal sufficiency of a pleading' and 'streamlines litigation by dispensing with needless discovery and

---

substantially into the property, he was not going to undertake what may be six figures of additional improvements which he will be funding without knowing whether he was likely to receive a variance for the proposed use.  **So we recognize that his ability to proceed is contingent on the paving of the parking areas and everything being completed consistent with that plan.**

**MR. HARRIS**: I think the handicap parking space should be paved immediate and striped properly.

**MR. BURKE**: **Everything would be paved and marked prior to any use, obviously.**

**MR. HARRIS**: Okay.

**MR. BURKE**: **There would be absolutely no use of the premises for this purposed use prior to the parking lots being completed, paved and marked.**

See (Doc. 1-1) at pp. 22:1-6, 20-25, 23:1-18 (emphasis added).

factfinding.'" Id. "Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law." Id. "This is true of any claim, 'without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one.'" Id.

"Accordingly, after Twombly and Iqbal, '[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Id. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Although the plausibility standard does not impose a probability requirement, it does require a pleading to show more than a sheer possibility that a defendant has acted unlawfully." Id. "Moreover, '[a]sking for plausible grounds... calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [wrongdoing]." Id.

"The plausibility determination is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" Id. "No matter the context, however, '[w]here a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id.

"When disposing of a motion to dismiss, a court must 'accept as true all

7

factual allegations in the complaint and draw all inferences from the facts alleged in the light most favorable to [the plaintiff].'" Id. "However, 'the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions.'" Id. "After Iqbal, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss." Id. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

As a matter of procedure, the United States Court of Appeals for the Third Circuit has instructed that:

> Under the pleading regime established by Twombly and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must tak[e] note of the elements [the] plaintiff must plead to state a claim. Second, it should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, [w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id.

"On a motion to dismiss, the court considers 'the pleading, any document integral to or explicitly relied upon by the plaintiff in framing the pleading, any undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document, any matters incorporated by reference or integral to the claim, items subject to judicial notice,

8

and matters of public record.'" <u>B.B. by & Through Catherine B. v. Delaware Coll.</u> <u>Preparatory Acad.</u>, No. CV 16-806-CFC, 2019 WL 949204, at *3 (D. Del. Feb. 27, 2019) (citing <u>DM. ex rel. Ray v. Phila. Housing Auth.</u>, 613 F. App'x 187, 189 n. 6 (3d Cir. 2015). "Courts may consider documents 'integral to or explicitly relied upon in the complaint ... without converting the motion to dismiss into one for summary judgment.'" <u>See</u> <u>In re Egalet Corp. Sec. Litig.</u>, 340 F. Supp. 3d 479, 497 (E.D. Pa. 2018) (citing <u>Schmidt v. Skolas</u>, 770 F.3d 241, 249 (3d Cir. 2014)). The Third Circuit in <u>In re Burlington</u>, "explained that "[t]he rationale underlying this exception is that the primary problem raised by looking to documents outside the complaint — lack of notice to the plaintiff — is dissipated where plaintiff has actual notice." <u>See</u> <u>In re Burlington Coat Factory Sec. Litg.</u>, 114 F.3d at 1426. "Plaintiffs cannot prevent a court from looking at the texts of the documents on which its claim is based by failing to attach or explicitly cite them." <u>Id</u>.

9

**B.    Plaintiffs' Title II ADA Claims Contained In Count I Do Not, In Part,[5] State Plausible Claims For Relief.**

**1.    Plaintiffs' Title II ADA Claims Are Not Actionable As Against The Individual Defendants In Either Their Official Or Individual Capacities.**

Count I of Plaintiffs' complaint asserts claims under Title II of the ADA against, among others, Defendants Solicitor Laura Dennis, Code Enforcement Officer Harold Smith, Councilman John Lipski, Councilman Robert Borzell, Councilman Charles Burns, Councilman Russel Herron, Councilman Michael Baloga and Councilman Joseph Scaltz, in both their individual and official capacities (collectively, the "Individual Defendants"), and against Defendant Wyoming Borough. See (Doc. 1) at ¶¶ 79-103.

It is well settled that individuals are not liable under Title II of the ADA. Snider v. Pennsylvania DOC, 505 F. Supp. 3d 360, 406 (M.D. Pa. 2020) (dismissing Title II claims against all individual defendants with prejudice); see also Kokinda v. Pa. Dep't of Corr., 779 F. App'x. 938, 942 (3d Cir. 2019) (holding that plaintiff's "claims for individual damages liability under Title II of the ADA fail for the simple reason that there is no such liability"); see also Bowens v. Wetzel, 674 F. App'x 113,

---

[5]    Although Keystone's Title II ADA claim against Defendant Wyoming Borough contained in Count I is baseless, the same, to the extent it is brought against Defendant Wyoming Borough only, is not being challenged at this procedural stage, but rather will be challenged through a subsequent dispositive motion. In all other respects, the instance motion is dispositive of the remaining claims contained in Plaintiffs' complaint.

10

136 (3d Cir. 2017) (noting that "the District Court could have properly followed the holdings of [other] circuits which have concluded that there is no individual damages liability under Title II of the ADA, which provides an additional basis to affirm the dismissal of this claim"); <u>see also</u> <u>Matthews v. Pa. Dep't of Corr.</u>, 613 F. App'x 163, 169-70 (3d Cir. 2015) (agreeing with the Second and Eighth Circuits that "Title II of the ADA does not provide for suits against state officers in their individual capacities").

Additionally, "where the plaintiff simultaneously sues the state entity that employs the individual defendants, the claims against the individuals may be dismissed as duplicative of the claims against the state." <u>Dews v. Link</u>, No. CV 18-4285, 2021 WL 2223795, at *3 (E.D. Pa. June 2, 2021) ("[W]here the plaintiff simultaneously sues the state entity that employs the individual defendants, the claims against the individuals may be dismissed as duplicative of the claims against the state."). "For example, courts may dismiss, as duplicative, Title II ADA claims brought against individuals in their official capacities where there are identical claims against their employer." <u>Id</u>. (citing <u>Hargrove v. Carney</u>, No. 20-610, 2020 WL 1939696, at *6 n.10 (E.D. Pa., Apr. 22, 2020) (dismissing Title II ADA "claims against the individual Defendants in their official capacities [because they] would be duplicative of the claims against the City of Philadelphia, which is already named as a Defendant")). "[C]ourts have expressed the view that the preferred defendant is

11

the public entity." <u>Graziano v. Pennsylvania Dep't of Corr.</u>, No. 1:22-CV-00163-RAL, 2023 WL 6389756, at *30 (W.D. Pa. Sept. 30, 2023).

As stated above, Title II does not authorize suits against government officers in their individual capacities or in their official capacities when, as here, the Title II claim is also brought against the governmental entity that the officials represent as the official-capacity claims are duplicative. <u>Graziano</u>, 2023 WL 6389756, at *30; <u>see also</u> <u>Doe v. Div. Youth & Fam. Servs.</u>, 148 F. Supp. 2d 462, 489 (D.N.J. 2001) (no individual liability under Title II); <u>see also</u> <u>Snider</u>, 505 F. Supp. 3d at 415 (same).

Accordingly, Plaintiffs' Title II ADA claims contained in Count I should be dismissed with prejudice as against the Individual Defendants as amendment would be futile. <u>See</u> <u>Lokuta v. Sallemi</u>, No. 3:CV-13-0288, 2013 WL 5570227, at *21 (M.D. Pa. Oct. 9, 2013) ("Because the grounds for dismissal of [plaintiff's] Complaint are not curable by amendment, it would be futile to allow [plaintiff] to amend her claims against Moving Defendants. Thus, the claims against Moving Defendants will be dismissed with prejudice").

> **2.    Defendant Wyoming Borough Council Is Not A Proper Party To Plaintiffs' Title II ADA Claim As It Does Not Exist Separate And Apart From Defendant Wyoming Borough And Is A Redundant Party To The Same Claims Brought Against Defendant Wyoming Borough.**

Count I of Plaintiffs' complaint asserts Title II ADA claims against, among others, both Defendant Wyoming Borough and Defendant Wyoming Borough

Council.  <u>See</u> (Doc. 1) at ¶¶ 79-103.

Defendant Wyoming Borough Council is an improper party.  "[A]lthough a municipal corporation and the individual members of its city council may have capacity to sue and be sued, the council itself may not be a legal entity for purposes of Rule 17(b)."  <u>Bethlehem Manor Vill., LLC v. City of Bethlehem</u>, No. CV 22-5215, 2024 WL 4367922, at *6 (E.D. Pa. Sept. 30, 2024) (concluding "that because the City Council is an operating arm of the City itself, it must be treated as the same legal entity")).  Moreover, because Wyoming Borough itself is a named defendant and would ultimately be liable for any judgment entered against Wyoming Borough Council, the Council not only does not have the capacity to be sued under Rule 17(b), but it is also a redundant party that should be dismissed from Plaintiffs' Title II ADA claims with prejudice as amendment would be futile.  <u>See</u> <u>Spradlin v. Borough of Danville</u>, No. 02-2237, 2005 WL 3320788, at *1 (M.D. Pa. Dec. 7, 2005) ("Because the Borough itself as a named defendant would ultimately be liable for any judgment entered against the Borough Council, the Council is a redundant party to the case") (citing <u>Satterfield v. Borough of Schuylkill Haven</u>, 12 F.Supp.2d 423, 431 (E.D. Pa. 1998)); <u>see also</u> <u>Marburger v. Upper Hanover Township</u>, 225 F. Supp. 2d 503, 506 n. 2 (E.D. Pa. 2002) (relying on <u>Satterfield</u> and considering Township Board of Supervisors "redundant" where Township is also a defendant); <u>see also</u> <u>Copenhaver v. Borough of Bernville</u>, No. 02-8398, 2003 WL 26616224, at *5 (E.D. Pa. Jan. 9,

13

2003) (court dismissing certain claims on the ground that "Plaintiffs' § 1983 claims against the Borough of Bernville Council are redundant, and merely restate claims against the Borough itself"). Therefore, it is respectfully submitted that Defendants' motion should be granted and the claims against Wyoming Borough Council be dismissed.

### 3.    Mr. Emlaw Does Not Have Standing To Assert A Title II ADA Claim.

Count I of Plaintiffs' complaint asserts a Title II ADA claim for Mr. Emlaw on his own behalf. See (Doc. 1) at ¶¶ 79-103.

Title II of the ADA prohibits discrimination in the services of public entities and provides:

> Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity.

42 U.S.C.A. § 12132. The regulation implementing Title II of the ADA provides, in pertinent part, as follows:

> A public entity shall not exclude or otherwise deny equal services, programs, or activities to an individual or entity because of the known disability of an individual with whom the individual or entity is known to have a relationship or association.

28 C.F.R. § 35.130(g). "[T]o state a claim under the Disability Act, a plaintiff must

14

demonstrate that: (1) she is a qualified individual with a disability; (2) she was either excluded from participation in or denied the benefits of a public entity's services, programs, or activities, or was otherwise discriminated against by the public entity; and (3) such exclusion, denial of benefits, or discrimination was by reason of her disability." Calloway v. Boro of Glassboro Dep't of Police, 89 F. Supp. 2d 543, 551 (D.N.J. 2000).

In this matter, Plaintiffs' complaint does not allege that Mr. Emlaw is disabled, held himself out as disabled or that Mr. Emlaw, in his individual capacity, sought or possesses a license from the Pennsylvania Department of Drug and Alcohol Programs to provide drug and alcohol treatment services to disabled individuals. Id. at ¶ 16 (alleging that Keystone is "an outpatient chemical dependency counseling facility" and that Mr. Emlaw is the "CEO and sole member"). As such, Mr. Emlaw does not have standing in his individual capacity as he is not disabled and does not, to the extent that such theory is even viable in this matter, Mr. Emlaw has failed to aver that he has associational standing with disabled individuals that seek treatment through Keystone simply because he is the owner of the company. See (Doc. 1) at *ad damnum* clauses (seeking monetary damages on behalf of Plaintiffs only); see also Gray Gables Corp. v. Arthur, No. 21-1551-cv, 2022 WL 905393, 2022 U.S. App. LEXIS 8194 at *2 (2d Cir. Mar. 29, 2022) (finding no Article III standing for the individual plaintiffs to bring a Section 1983

15

claim regarding the condemnation of a corporation's property even though the individuals owned 100% of the corporation); <u>see also</u> <u>Oelsner v. Maduro</u>, No. CV 2014-0062, 2024 WL 3013767, at *3 (D.V.I. June 14, 2024) ("harm to corporate property does not constitute an injury in fact for an individual even if the individual bringing the claim is the sole owner of the corporation"); <u>see also</u> <u>Berger v. Weinstein</u>, 348 F. App'x 751, 755 (3d Cir. 2009).

Accordingly, Mr. Emlaw's Title II ADA claim contained in Count I should be dismissed with prejudice as he facially fails to demonstrate standing. <u>See</u> <u>Ports of Delaware Marine Trade Ass'n v. Longshoreman's Ass'n, Loc. 1242</u>, No. CIV.A. 13-4401, 2014 WL 3709772, at *2 (E.D. Pa. July 28, 2014) ("On a motion to dismiss for lack of standing, the plaintiff bears the burden of establishing the elements of standing, and each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, <u>i.e.</u>, with the manner and degree of evidence required at the successive stages of the litigation").

    **4.**    **Punitive Damages Are Not An Available Remedy Under Title II Of The ADA And Plaintiffs' Demand For Same Contained In The *Ad Damnum* Clause Of Count I Should Be Stricken.**

Plaintiffs' *ad damnum* clause for Count I makes a demand for punitive damages. <u>See</u> (Doc. 1) at p. 32. However, in <u>Doe v. County of Center</u>, the Third Circuit Court of Appeals concluded that punitive damages are not available under Title II of the ADA. <u>Doe v. Cnty. of Ctr., PA</u>, 242 F.3d 437, 457-458 (3d Cir. 2001).

16

Accordingly, Plaintiffs' demand for punitive under the ADA contained in Count I should be stricken with prejudice as amendment would be futile.

**C.    Count II Of Plaintiffs' Complaint Fails To State Plausible § 1983 Claims For The Alleged Violation Of Plaintiffs' Substantive Due Process And Selective Enforcement Equal Protection Rights Under the Fourteenth Amendment.**

Count II of Plaintiffs' complaint asserts claims against, among others, Defendants Wyoming Borough, Wyoming Borough Council, Solicitor Laura Dennis and Code Enforcement Officer Harold Smith for the alleged violation of Plaintiffs' substantive due process and equal protection rights guaranteed by the Fourteenth Amendment through 42 U.S.C § 1983. See (Doc. 1) at ¶¶ 104-110.

**1.    Defendant Wyoming Borough Council Is Not A Proper Party To Plaintiffs' Constitutional Claims Contained In Count II As It Does Not Exist Separate And Apart From Defendant Wyoming Borough And Is A Redundant Party To The Same Claims Brought Against Defendant Wyoming Borough.**

For the same reasons discussed above, which will not be restated here in full, Defendant Wyoming Borough Council does not exist separate and apart from Defendant Wyoming Borough and is therefore a redundant party to Plaintiffs' substantive due process and selective enforcement equal protection claims brough against the Borough. See Bethlehem Manor Vill., LLC, 2024 WL 4367922, at *6; see also Copenhaver, 2003 WL 26616224, at *5 (court dismissing certain claims on the ground that "Plaintiffs' § 1983 claims against the Borough of Bernville Council

are redundant, and merely restate claims against the Borough itself"). Accordingly,

Plaintiffs' substantive due process and equal protection claims contained in Count II

should be dismissed with prejudice as against Defendant Wyoming Borough Council

as amendment would be futile.

> ## 2. Defendant Solicitor Laura Dennis Is Not A State Actor And Plaintiffs' Constitutional Claims Contained In Count II Brought Against Her Through § 1983 Must Be Dismissed.

Count II of Plaintiffs' complaint does not state plausible § 1983 claims against

Defendant Solicitor Laura Dennis for the alleged violation of Plaintiffs' substantive

due process or equal protection rights, because Solicitor Dennis is not a state actor.

See (Doc. 1) at ¶¶ 6, 104-110.

"To succeed on a § 1983 claim, a plaintiff must demonstrate that the

Defendant[], acting under color of state law, deprived the plaintiff of a right secured

by the United States Constitution." Conklin v. Reedy, No. 1:23-CV-01197, 2024

WL 406638, at *3 (M.D. Pa. Feb. 2, 2024) (citing Mark v. Borough of Hatboro, 51

F.3d 1137, 1141 (3d Cir. 1995)); see also Graham v. Moon Lodge Chips Corp., No.

24-CV-0124, 2024 WL 3275960, at *4 (E.D. Pa. July 1, 2024) ("acting under color

of state law—i.e., whether the defendant is a state actor").

An attorney does not act under color of state law simply by virtue of acting as

an attorney or solicitor on behalf of a municipal entity. Mincy v. Luzerne Cnty.,

<u>Pennsylvania</u>, No. 3:12-CV-00608, 2015 WL 13203062, at *3 (M.D. Pa. Jan. 5, 2015), <u>report</u> <u>and</u> <u>recommendation</u> <u>adopted</u> <u>sub</u> <u>nom.</u> <u>Mincy v. Luzerne Cnty.</u>, No. 3:12-CV-00608, 2017 WL 1181591 (M.D. Pa. Mar. 30, 2017) (citing <u>Angelico v. Lehigh Valley Hosp.</u>, 184 F.3d 268, 277-78 (3d Cir. 1999) ("Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court")). "[W]here the attorney is engaging in the rendering of advice to a municipal client, drafting legal documents, or otherwise engages in litigation or equivalent legal activities, he or she will generally not be subject to liability as a state actor." <u>El-Bey v. Allentown Police Dep't</u>, No. CV 23-652, 2023 WL 3594145, at *7 (E.D. Pa. May 22, 2023); <u>see</u> <u>also</u> <u>Willis v. Carroll Twp.</u>, Civ. A. No. 07-949, 2008 WL 644762, at *5 (M.D. Pa. Mar. 5, 2008) (determining that allegations did not state plausible claim that attorney acting as municipal solicitor was state actor when attorney's work was performed solely for benefit of municipal client). A solicitor will not be considered a state actor subject to liability pursuant to § 1983 if she is "acting as an attorney in the conduct alleged as a deprivation of constitutional rights." <u>Belkowski v. Kruczek</u>, No. 209-CV-1549, 2010 WL 1433099, at *3 (W.D. Pa. Apr. 7, 2010).

Here, the conduct that allegedly supports Plaintiffs' substantive due process and selective enforcement equal protection claims against Solicitor Dennis is her participation in the litigation of a land use appeal on behalf of Defendant Wyoming

19

Borough. See (Doc. 1) at ¶¶ 89-90. It is well settled, however, that where, as here, a municipal solicitor's work is performed solely for benefit of a municipal client, and she is "acting as an attorney in the conduct alleged as a deprivation of constitutional rights" she will not be considered a state actor subject to liability pursuant to § 1983. See El-Bey, 2023 WL 3594145, at *7 ("[W]here the attorney is engaging in… litigation or equivalent legal activities, he or she will generally not be subject to liability as a state actor"). Accordingly, Plaintiffs' § 1983 claims contained in Count II should be dismissed as against Defendant Solicitor Laura Dennis with prejudice as amendment would be futile.

        **3.**    **Plaintiffs Have Failed To State Plausible Substantive Due Process Claims Because They Have Failed To Identify The Fundamental Interests At Issue, The Duration Of The Deprivations Of Those Interests Or The Conscience Shocking Means Of The Deprivations That Allegedly Support Their Substantive Due Process Claims.**

    Count II of Plaintiffs' complaint asserts two (2) discrete substantive due process claims for each Plaintiff. See (Doc. 1) at ¶¶ 104-110. Plaintiffs' complaint, however, does not expressly identify the constitutionally fundamental interest that Plaintiffs were each allegedly deprived of, the duration of those deprivations or the particular conscience shocking means through which the deprivations occurred. Id., generally.

    "The due process clause of the Fourteenth Amendment offers both procedural

and substantive protections against deprivations of 'life, liberty, or property.'" <u>Black</u>

<u>v. City of Harrisburg</u>, No. 1:11-CV-1912, 2013 WL 6506756, at *5 (M.D. Pa. Dec.

12, 2013) (citing U.S. CONST. amend. XIV, § 1); <u>see also</u> <u>Nicholas v. Pennsylvania</u>

<u>State Univ.</u>, 227 F.3d 133, 139 (3d Cir. 2000) ("While on its face this constitutional

provision speaks to the adequacy of state procedures, the Supreme Court has held

that the clause also has a substantive component"). "Substantive due process

protects only those [] interests that are considered 'fundamental' under the U.S.

Constitution." <u>Black</u>, 2013 WL 6506756, at *5 (citing <u>Nicholas</u>, 227 F.3d at 140)).

Although not expressly stated in Plaintiffs' complaint, it appears that the

constitutionally fundamental interests at issue here are Plaintiffs' purported property

interests. <u>See</u> (Doc. 1), <u>generally</u>.

"[T]he only protected property interests ... [the Third Circuit has] thus far

deemed fundamental [have] involved ownership of real property." <u>Saucon Valley</u>

<u>Manor, Inc. v. Miller</u>, 392 F. Supp. 3d 554, 570 (E.D. Pa. 2019); <u>see also</u> <u>Selig v. N.</u>

<u>Whitehall Twp. Zoning Hearing Bd.</u>, 653 F. App'x 155, 157 (3d Cir. 2016) ("We are

not aware of any case in which we have found that something other than full property

ownership warrants substantive due process protection"); <u>see also</u> <u>DeBlasio v.</u>

<u>Zoning Bd. of Adjustment for Twp. of W. Amwell</u>, 53 F.3d 592, 600 (3d Cir.1995),

<u>overruled on other grounds by</u> <u>United Artists Theatre Circuit, Inc. v. Twp. of</u>

<u>Warrington, PA</u>, 316 F.3d 392 (3d Cir. 2003) (Land ownership "is a property interest

21

worthy of substantive due process protection"). By implication, a lessor, like a property owner, "possesses a property interest worthy of substantive due process protection." Id. at 600 n. 10 (citing Neiderhiser v. Borough of Berwick, 840 F.2d 213, 217 (3d Cir.1988), cert. denied, 488 U.S. 822 (1989)).

"[C]ase law strongly suggests that Substantive Due Process only extends to situations in which there is some degree of permanence to the loss of liberty or property." See Paradise Concepts, Inc. v. Wolf, 482 F. Supp. 3d 365, 371 (E.D. Pa. 2020) (citing Six v. Newsom, 462 F. Supp. 3d 1060, 1072, No. 20-877, (C.D. Cal. May 22, 2020) (holding that the right to earn a living "protects against 'a complete prohibition of the right to engage in a calling' and not against brief interruptions to that pursuit's") (quoting Conn v. Gabbert, 526 U.S. 286, 292, 119 S. Ct. 1292, 143 L. Ed. 2d 399 (1999)).

"To state a substantive due process claim, a plaintiff must adequately plead that (1) the property interest at issue is protected by the Fourteenth Amendment, and (2) the plaintiff was deprived of that interest by behavior by a governmental official or entity which 'shocks the conscience.'" Chester Cnty. Aviation Holdings, Inc. v. Chester Cnty. Aviation Auth., 967 F. Supp. 2d 1098, 1107 (E.D. Pa. 2013) (citing Chainey v. Street, 523 F.3d 200, 219 (3d Cir. 2008)).

Plaintiffs' substantive due process claims both fail to state plausible claims for relief and therefore Defendants' motion to dismiss should be granted.

First, Keystone does not possess a fundamental property interest warranting substantive due process protection.    Specifically, Keystone does not own the Property or have a leasehold interest in the Property.  <u>See</u> (Doc. 1) at ¶ 22 (alleging that Property is owned by non-party Ghia, LLC); <u>see also</u> (Doc. 1-1) at p. 48:9-10. ("Mr. Emlaw, himself, is the tenant under the existing lease").  Ownership of real property and by implication, a leasehold interest in real property, are the only property interests that have been found worthy of substantive due process protection. <u>See</u> <u>DeBlasio</u>, 53 F.3d at 600 n. 10; <u>see also</u> <u>e.g.</u> <u>Saucon Valley Manor, Inc.</u>, 392 F. Supp. 3d at 570-72 ("neither the right to operate a business nor the property interest in a business license are 'fundamental' rights or property interests protected by substantive due process"); <u>Flanders v. Dzugan</u>, 156 F. Supp. 3d 648, 665 (W.D. Pa. 2016) (noting that deprivation of a construction permit or interference with ability to run a business cannot serve as the basis for a substantive due process claim); <u>Wrench Transp. Sys., Inc. v. Bradley</u>, 340 Fed. Appx. 812, 815 (3d Cir. 2009) (finding no constitutionally protected substantive due process interest in the right to "engage in business"); <u>Hammond v. Contino</u>, No. CIV. 14–1042 RBK/AMD, 2014 WL 6388757, at *4 (D.N.J. Nov. 17, 2014) (plaintiff's allegations concerning "the demise" of his business and "the loss of business profits from its operation" failed to identify a constitutionally protected interest); <u>Chester Cnty. Aviation Holdings, Inc.</u>, 967 F. Supp. 2d at 1107-09 ("loss of customers; lost profits; loss of a bid; [or]

breach of a lease" cannot serve as the basis for a substantive due process claim). Keystone has not, because it cannot, claim that it possesses a property interest, as that term is understood in the context of substantive due process, and, therefore, Keystone cannot state a plausible claim for relief. Keystone's substantive due process claim contained in Count II should be dismissed with prejudice as amendment would be futile.

Next, Mr. Emlaw has not been deprived of his planned use of his leasehold interest in the Property. The Property currently operates, through Keystone, as "an outpatient chemical dependency counseling center." See (Doc. 1) at ¶¶ 16, 77. On June 7, 2022, Mr. Emlaw's planned used for the Property was approved by non-party Luzerne County Zoning Hearing Board. See (Doc. 1) at ¶ 44; see also (Doc. 1-1) at pp. 59:18-25, 60:1-13. As stated above, effective December 15, 2011, Defendant Wyoming Borough repealed its Zoning Ordinance and appointed non-party Zoning and Planning Commission of Luzerne County to enact and enforce zoning for the Borough. See Appendix as Exhibit "A" at p. 1. At no time material hereto, did Defendants have any authority concerning zoning matters within the Borough or play any role in non-party Zoning and Planning Commission of Luzerne County's initial May 10, 2022, denial of Plaintiffs' request to use the Property as an outpatient rehabilitation facility. Id.; see also Appendix at Exhibit "E" at p. 1.

To the extent that the Court finds that Mr. Emlaw has stated a plausible

constitutional deprivation of this leasehold interest and to the extent that Defendant Wyoming Borough's land use appeal and/or its alleged delay in issuing a certificate of occupancy can, respectfully, be construed as a ripe or a sufficiently permanent deprivation of Mr. Emlaw's planned use of the Property, such conduct is not conscience shocking. See Paradise Concepts, Inc., 482 F. Supp. 3d at 371 ("case law strongly suggests that Substantive Due Process only extends to situations in which there is some degree of permanence to the loss of liberty or property").

As stated above, in order "[t]o state a claim for a violation of substantive due process rights, [a plaintiff] must show that he was deprived of due process in a manner that 'shocks the conscience.'" Selig, 653 Fed. App'x at 157. Behavior that shocks the conscience is so "brutal and offensive that it [does] not comport with traditional ideas of fair play and decency." See, e.g., Breithaupt v. Abram, 352 U.S. 432, 435, 77 S. Ct. 408, 410, 1 L. Ed. 2d 448 (1957). "[W]hat 'shocks the conscience' is 'only the most egregious official conduct... [m]ere evidence of 'improper motives' is insufficient." Klatch-Maynard v. Sugarloaf Twp., No. 3:06-CV-845, 2010 WL 5789390, at *11 (M.D. Pa. Nov. 8, 2010), report and recommendation adopted, No. 3:06CV845, 2011 WL 532168 (M.D. Pa. Feb. 8, 2011).

"While there is no 'calibrated yard stick' to determine whether challenged actions shock the conscience... [w]hat is clear is that this test is designed to avoid

converting federal courts into super zoning tribunals." Cherry Hill Towers, L.L.C. v. Twp. of Cherry Hill, 407 F. Supp. 2d 648, 655 (D.N.J. 2006). "The point at which conduct becomes conscience-shocking for constitutional purposes is a question of law for a court to decide, not a question of fact amenable to resolution by a jury." Southersby Dev. Corp. v. Twp. of S. Park, No. CIV.A. 14-1248, 2015 WL 1757767, at *5 (W.D. Pa. Apr. 17, 2015).

Delays in issuing occupancy permits and decisions by local officials to turn to the courts to address disputes are neither shocking nor egregious. See Klatch-Maynard, 2010 WL 5789390, at *11 ("decision by local officials to turn to the courts to address a dispute was neither shocking nor egregious"); see also Harr v. Washington Area Humane Soc'y, No. CV 21-1560, 2024 WL 4064140, at *7 (W.D. Pa. Sept. 5, 2024) (finding that failure to issue occupancy permit did not constitute "conscience-shocking" conduct); see also Miller v. Pocono Ranch Lands Property Owners Ass'n Inc., 557 Fed. Appx. 141, 144–45 (3d Cir.2014) (noting that claims that defendants applied zoning requirements unfairly, pursued unnecessary enforcement actions, and delayed permits and approvals have failed to establish "conscience-shocking" conduct); see also Highway Materials, Inc. v. Whitemarsh Twp., 386 F. App'x 251, 257 (3d Cir. 2010) (Even if township and its officials intentionally refused to cooperate with landowner in connection with its zoning application, improperly applied township ordinances, treated landowner differently

26

from nearby owners, and actively sought reasons to deny landowner opportunity to develop its land, township and officials at most committed bad-faith violation of state law and did not engage in behavior that shocked the conscience, as required to establish substantive due process violation); see also Long v. Bristol Twp., No. CIV.A. 10-1069, 2012 WL 2864410, at *7 (E.D. Pa. July 11, 2012) ("Third Circuit likewise listed examples of conduct that is not sufficiently egregious or outrageous, such as: applying certain regulations to one parcel of property but not to others, making unannounced or unnecessary inspections of the property, delaying permits and approvals, improperly increasing tax assessments, or 'malign[ing] or muzzl[ing]' claimants"); see also Cherry Hill Towers, L.L.C., 407 F. Supp. 2d at 655 ("sixty-five calendar day delay between the statutory response date and the day Plaintiff received notification the permits were granted… does not, in any event, shock the conscience"); see also Galanopoulas v. Smithgall, No. Civ.A. 02–8362, 2005 WL 196441 *6 (E.D. Pa. Jan. 26, 2005) ("[T]wo months' time to secure a building permit cannot be said to be so extreme as to 'shock the conscience'"); see also Levin v. Upper Makefield Twp., No. CIV.A. 99-CV-5313, 2003 WL 21652301, at *9 (E.D. Pa. Feb. 25, 2003), aff'd sub nom. Levin v. Upper Makefield Twp., Bucks Cnty., Pa., 90 F. App'x 653 (3d Cir. 2004) (discussing bad motive and purposeful intention to delay issuing the Plaintiff a final building permit, but noting that it does not foster a finding that Defendants' behavior shocked-the-conscience). The conduct

complained of by Mr. Emlaw is not conscience shocking and, therefore, he has for this reason as well failed to state a plausible claim for relief.  Mr. Emlaw's substantive due process claim contained in Count II should be dismissed with prejudice as amendment would be futile.

Additionally, Plaintiffs' <u>Monell</u> claims predicated on their substantive due process claims should likewise be dismissed because "[i]n the absence of an underlying constitutional tort, [a plaintiff's] <u>Monell</u> claim, which is founded upon an underlying constitutional tort, must fail as a matter of law." <u>Bensinger v. Twp. of Hegins</u>, No. 3:15-CV-01450, 2016 WL 1242353, at *6 (M.D. Pa. Mar. 30, 2016); <u>see also</u> <u>Baez v. Lancaster County</u>, 487 F. App'x 30, 32 (3d Cir. 2012) (holding a "[p]laintiff must establish an underlying constitutional violation to attribute liability to [a municipal entity] pursuant to <u>Monell</u>"); <u>see also</u> <u>Cappel v. Aston Twp. Fire Dep't</u>, No. CV 23-155, 2023 WL 6133173, at *15 (E.D. Pa. Sept. 19, 2023) (dismissing <u>Monell</u> claim "[b]ecause the well-pleaded allegations fail to state a plausible constitutional claim against [the defendants]").

### 4.    Plaintiffs Have Failed To State Plausible Selective Enforcement Equal Protection Claims.

Count II of Plaintiffs' complaint asserts two (2) discrete selective enforcement claims on behalf of Mr. Emlaw and Keystone under the Equal Protection Clause of the Fourteenth Amendment.  <u>See</u> (Doc. 1) at ¶¶ 104-110. Specifically, Plaintiffs complain that Defendants' "selective enforcement of

zoning ordinances… prevented a much needed service." Id. at ¶¶ 1, 16, 77, 110 (confirming that Keystone is operational).

"Selective discriminatory enforcement of a facially valid law is unconstitutional under the Equal Protection Clause of the Fourteenth Amendment." Jewish Home of E. Pa. v. Centers for Medicare & Medicaid Servs., 693 F.3d 359, 363 (3d Cir. 2012); see also Greco v. Senchak, 25 F. Supp. 3d 512, 520 (M.D. Pa. 2014), aff'd, 627 F. App'x 146 (3d Cir. 2015) ("In order to allege a selective enforcement claim, a party must show 'discriminatory enforcement of a facially valid law'"). "In the Third Circuit, to establish a selective enforcement claim, Plaintiff must demonstrate 1) that he was treated differently from other similarly situated individuals, and 2) that this selective treatment was based on an unjustifiable standard, such as race, or religion, or some other arbitrary factor, ... or to prevent the exercise of a fundamental right.'" Dombrosky v. Stewart, No. CIV.A. 3:10-1477, 2012 WL 3686779, at *6 (M.D. Pa. Aug. 27, 2012), aff'd, 555 F. App'x 195 (3d Cir. 2014). "[T]o maintain an equal protection claim of this sort, [Plaintiff] must provide evidence of discriminatory purpose, not mere unequal treatment or adverse effect." Id.

"An essential element of a claim of selective treatment under the Equal Protection Clause is that the comparable parties were 'similarly situated.'" Id. Comparable parties are similarly situated "when they are alike in all relevant

29

aspects." <u>Karns v. Shanahan</u>, 879 F.3d 504, 520-21 n. 9 (3d Cir. 2018). "To meet the Equal Protection Clause's requisite standard, a plaintiff must do more than merely allege he or she was "similarly situated" to an individual or group treated differently." <u>Gillespie v. Pennsylvania State Police</u>, 574 F. Supp. 3d 272, 287 (E.D. Pa. 2021). "A plaintiff must allege specific facts, circumstances, or occurrences showing he or she was similarly situated to another specified person or entity and illustrate the alleged differential treatment that occurred." <u>Id</u>.

Effective December 15, 2011, Wyoming repealed its Zoning Ordinance and appointed non-party Zoning and Planning Commission of Luzerne County to enact and enforce zoning for the Borough. <u>See</u> Appendix at Exhibit "A" at p. 1. Here, the operative "zoning ordinance" was the Luzerne County Zoning Ordinance of 2021. <u>See</u> Luzerne County Zoning Ordinance of 2021 attached to Appendix as Exhibit "F" <u>generally</u>. On May 10, 2022, Plaintiffs submitted a zoning application to non-party Zoning and Planning Commission of Luzerne County to use the Property as an outpatient rehabilitation facility. <u>See</u> Appendix at Exhibit "D" at p. 1. On May 10, 2022, non-party Zoning and Planning Commission of Luzerne County denied Plaintiffs' application because an outpatient rehabilitation facility is not a permitted use in the zoning district where the Property is situated. <u>Id</u>.; <u>see also</u> Appendix at Exhibit "E" at p. 1. On May 10, 2022, Plaintiffs submitted a petition for appeal seeking a use variance and a hearing before non-party Luzerne County Zoning

30

Hearing Board. Id. On June 7, 2022, at the conclusion of the hearing before the Zoning Hearing Board, the Board voted to approve the use variance. See (Doc. 1) at ¶ 44; see also (Doc. 1-1) at pp. 59:18-25, 60:1-13.

Plaintiffs have failed to state a plausible selective enforcement claim as they have failed to identify similar situated comparators and cannot show that Defendants selectively, or otherwise, enforced a facially valid law as none of Defendants possessed the power or authority to enforce the Luzerne County Zoning Ordinance of 2021. See Appendix at Exhibit "A" at p. 1 (effective December 15, 2011 "the zoning and subdivision laws of the Borough of Wyoming shall be transferred to Luzerne County" and all "zoning... laws, ordinances, resolutions, rules and regulations enacted or adopted by the Borough of Wyoming shall be repealed"); see also Greco, 25 F. Supp. 3d at 520 ("In order to allege a selective enforcement claim, a party must show 'discriminatory enforcement of a facially valid law'"); see also Appendix at Exhibit "F", generally. Accordingly, Plaintiffs' equal protection claim contained in Count II should be dismissed with prejudice as amendment would be futile.

As a corollary, Plaintiffs' Monell claims predicated on their equal protection claims should be dismissed because "[i]n the absence of an underlying constitutional tort, [a plaintiff's] Monell claim, which is founded upon an underlying constitutional tort, must fail as a matter of law." Bensinger, 2016 WL 1242353, at

31

*6; see also Baez, 487 F. App'x at 32.

> **5.    Punitive Damages Are Not An Available Remedy Against Defendant Wyoming Borough Under § 1983 And Plaintiffs' Demand For Same Contained In The _Ad Damnum_ Clause Of Count II Should Be Stricken.**

Plaintiffs' _ad damnum_ clause for Count II makes a demand for punitive damages against Defendant Wyoming Borough.  See (Doc. 1) at p. 34.  Punitive damages, however, are not recoverable against a municipal entity under § 1983 and Plaintiffs' demand for same must be stricken.  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271, 101 S. Ct. 2748, 2762, 69 L. Ed. 2d 616 (1981) ("we hold that a municipality is immune from punitive damages under 42 U.S.C. § 1983").

> **D.    Count III Of Plaintiffs' Complaint Fails To State Plausible Claims For Relief Under § 504 Of The RA.**

> **1.    Plaintiffs' RA Claims Are Not Actionable As Against The Individual Defendants In Either Their Individual Or Official Capacities.**

Count III of Plaintiffs' complaint asserts claims on behalf of each Plaintiff under § 504 of the RA against, among others, the Individual Defendants.  See (Doc. 1) at ¶¶ 111-121.

Section 504 of the RA provides that "[n]o otherwise qualified individual with a disability ... shall, solely by reason of her or his disability, be excluded from the participation in, be denied the benefits of, or be subjected to discrimination under

any program or activity receiving Federal financial assistance." 29 U.S.C. § 794(a).
"By its terms, section 504 prohibits discrimination on the basis of disability by
recipients of federal funds." Oross v. Kutztown Univ., No. CV 21-5032, 2023 WL
4748186, at *17 (E.D. Pa. July 25, 2023). "As a result, courts in this Circuit have
repeatedly held that there is no individual liability under the RA since individuals
are not the recipients of the federal funds." Id. (citing A.W. v. Jersey City Public
Schools, 486 F.3d 791, 804 (3d Cir. 2007) ("Suits may be brought pursuant to
Section 504 against recipients of federal financial assistance, but not against
individuals"); see also Powell v. Wetzel, No. 1:12-CV-02455, 2015 WL 1513888,
at *2 (M.D. Pa. Mar. 27, 2015) (finding that "[s]uits may be brought pursuant to the
[Rehabilitation Act] against recipients of federal financial assistance, but not against
individuals… [and holding] none of the individual defendants will be liable under
the RA in either his official or individual capacity").

Accordingly, Plaintiffs' RA claims contained in Count III must be dismissed
as against the Individual Defendants with prejudice as amendment would be futile.

> **2.     Defendant Wyoming Borough Council Is Not A Proper
> Party To Plaintiffs' RA Claims Contained In Count III
> As It Does Not Exist Separate And Apart From
> Defendant Wyoming Borough And Is A Redundant
> Party To The Same Claims Brought Against
> Defendant Wyoming Borough.**

For the same reasons discussed above, which will not be restated here in full,
Defendant Wyoming Borough Council does not exist separate and apart from

33

Defendant Wyoming Borough and is therefore a redundant party to Plaintiffs' RA claims brough against the Borough. See Bethlehem Manor Vill., LLC, 2024 WL 4367922, at *6; see also Fed.R.Civ.P. 17(b). Accordingly, Plaintiffs' RA claims contained in Count III should be dismissed with prejudice as against Defendant Wyoming Borough Council as amendment would be futile.

> **3.    Plaintiffs Have Failed To State Plausible Claims Under § 504 Of The RA Because Plaintiffs Have Failed To Demonstrate That Defendant Wyoming Borough Was The Recipient Of Federal Funds During The Timeframe In Which The Allegedly Discriminatory Act(s) Occurred.**

Plaintiffs have failed to state plausible claims for relief under § 504 of the RA because Plaintiffs have failed to allege that Defendant Wyoming Borough was the recipient of federal funds during the timeframe in which the allegedly discriminatory act(s) occurred. See (Doc. 1), generally.

"To succeed on a claim under Section 504, a plaintiff must establish the following: '(1) he is a qualified individual; (2) with a disability; (3) he was excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity; (4) by reason of his disability.'" McDonald-Witherspoon v. City of Philadelphia, 481 F. Supp. 3d 424, 439 (E.D. Pa. 2020), aff'd, No. 21-1019, 2021 WL 6101246 (3d Cir. Dec. 21, 2021). "Additionally, the plaintiff 'must show that the allegedly discriminating entity receives federal funding.'" Id. ("the Rehabilitation Act, 'applies only to

programs and activities receiving federal financial assistance'").

"Thus, 'the question of whether the entity received federal funds is important ... in order to make out a *prima facie* case under the [Rehabilitation Act].'" Dana v. Baker Hughes, Inc., No. 4:14-CV-01861, 2015 WL 5576880, at *4 (M.D. Pa. Sept. 21, 2015) (citing Haybarger v. Lawrence Cnty. Adult Prob. & Parole, 551 F.3d 193, 198 n. 3 (3d Cir. 2008)). "When determining the period during which a given entity was a recipient of federal funding in § 504 cases, several courts have noted that the relevant timeframe into which the court must inquire is the time at which the discriminatory act occurred." Dana, 2015 WL 5576880, at *6.

Plaintiffs' complaint fails to put forward any factual allegations to suggest that Defendant Wyoming Borough received federal financial assistance during the relevant time period and, therefore, have failed to state a plausible claim for relief under the RA warranting the dismissal of Count III.

####     4.    Punitive Damages Are Not An Available Remedy Under § 504 of the RA And Plaintiffs' Demand For Same Contained In The *Ad Damnum* Clause Of Count III Should Be Stricken.

Plaintiffs' *ad damnum* clause for Count III makes a demand for punitive damages. See (Doc. 1) at p. 32. However, in Doe v. County of Center, the Third Circuit Court of Appeals concluded that punitive damages are not available under § 504 of the RA. Doe, 242 F.3d at 457-458. Accordingly, Plaintiffs' demand for punitive damages under the RA contained in Count III should be stricken with

prejudice as amendment would be futile.

## III.    <u>CONCLUSION</u>

For all or any of the foregoing reasons, Defendants Wyoming Borough, Wyoming Borough Council, Laura Dennis, Harold Smith, John Lipski, Robert Borzell, Charles Burns, Russel Herron, Michael Baloga and Joseph Scaltz respectfully request that Plaintiffs' complaint (Doc. 1) be dismissed as against them with prejudice, and grant any other relief this Honorable Court deems necessary and appropriate.

Respectfully Submitted,

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III
Jennifer Menichini
**Joyce, Carmody & Moran, P.C.**
9 N. Main St., Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Email: jjj@joycecarmody.com
        jm@joycecarmody.com

DATED: January 6, 2025

Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main St, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Email: jjj@joycecarmody.com
    jm@joycecarmody.com

*Attorneys for Defendants Wyoming Borough, Wyoming Borough Council, Laura Dennis, Esq., Harold Smith, John Lipski, Robert Borzell, Charles Burns, Russel Herron, Michael Baloga and Joseph Scaltz*

| UNITED STATES DISTRICT COURT<br>MIDDLE DISTRICT OF PENNSYLVANIA | |
|---|---|
| **RONALD EMLAW and KEYSTONE DRUG & ALCOHOL, LLC,**<br><br>                  **Plaintiffs,**<br>**v.**<br><br>**WYOMING BORO., et. al.,**<br><br>                  **Defendants.** | **CIVIL ACTION - LAW**<br>**JURY TRIAL DEMANDED**<br><br>**THE HONORABLE**<br>**KAROLINE MEHALCHICK**<br><br><br><br>**No. 3:24-CV-01706-KM** |

## <u>WORD CERTIFICATION</u>

The undersigned counsel certifies that the foregoing brief contains less than 10,000 words as permitted by Order of the Court (Doc. 19). I have relied on the word count feature of the word processing system which indicates that 8,613 words are contained in the foregoing brief.

                                          *s/ Joseph J. Joyce, III*
                                          Joseph J. Joyce, III

DATED:  January 6, 2025

Joseph J. Joyce, III
Jennifer Menichini
**JOYCE, CARMODY & MORAN, P.C.**
9 N. Main St, Suite 4
Pittston, PA 18640
Ph: (570) 602-3560
Email: jjj@joycecarmody.com
     jm@joycecarmody.com

*Attorneys for Defendants Wyoming Borough, Wyoming Borough Council, Laura Dennis, Esq., Harold Smith, John Lipski, Robert Borzell, Charles Burns, Russel Herron, Michael Baloga and Joseph Scaltz*

<table>
<tr><td colspan="2" align="center">**UNITED STATES DISTRICT COURT**<br>**MIDDLE DISTRICT OF PENNSYLVANIA**</td></tr>
<tr><td>**RONALD EMLAW and KEYSTONE DRUG & ALCOHOL, LLC,**<br><br>                **Plaintiffs,**<br>**v.**<br><br>**WYOMING BORO., et. al.,**<br><br>                **Defendants.**</td><td>**CIVIL ACTION - LAW**<br>**JURY TRIAL DEMANDED**<br><br>**THE HONORABLE**<br>**KAROLINE MEHALCHICK**<br><br><br>**No. 3:24-CV-01706-KM**</td></tr>
</table>

## CERTIFICATE OF SERVICE

    I, Joseph J. Joyce, III, hereby certify that a true and correct copy of the foregoing brief in support of Defendants Wyoming Borough, Wyoming Borough Council, Laura Dennis, Harold Smith, John Lipski, Robert Borzell, Charles Burns, Russel Herron, Michael Baloga and Joseph Scaltz's partial motion to dismiss was served upon the following council and/or parties of record via ECF and/or email addressed as follows:

Richard J. Rinaldi
Amanda Shimko
**Law Office of Richard J. Rinaldi, Esquire**
312 Tulip Cir.
Clarks Summit, PA 18411
Email: richard@rjrlaw.co
          amanda@rjrlaw.co

*Counsel for Plaintiff*

Jennifer Prior
Christopher J. Tellner
**Kaufman Dolowich LLP**
One Liberty Place
1650 Market St., Suite 4800
Philadelphia, PA 19103
Email: jprior@kaufmandolowich.com
          ctellner@kaufmandolowich.com

*Counsel for Defendant*
*City of Pittston*

*s/ Joseph J. Joyce, III*
Joseph J. Joyce, III

DATED: January 6, 2025